UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL BELL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1236 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Darryl Bell's Petition for Writ of Habeas Corpus, Respondent William Stephens' Motion for Summary Judgment, and Bell's Cross-Motion for Summary Judgment. Having carefully considered the Petition, the Motions, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondents' Motion should be GRANTED, Bell's Cross-Motion should be DENIED, and BELL's Petition for Writ of Habeas Corpus should be DENIED.

I.   Background

These facts are not in dispute. Bell challenges a prison disciplinary hearing. Bell pled not guilty to a charge of being out of place. He was found guilty and lost commissary and recreation privileges and had his line class reduced. The reduction in line class adversely affects the rate at which Bell can accumulate good time credit, though he did not lose any previously acquired good time credit as a result of this disciplinary proceeding.

Bell unsuccessfully appealed the result of the disciplinary proceeding through the grievance process. Respondent acknowledges that Bell has properly exhausted his available state remedies.

II.      Analysis

Bell asserts that there was insufficient evidence to support the finding of guilt, and that he was denied the right to present evidence in his defense. Respondent contends that Bell's claims are not cognizable on federal habeas corpus review.

The Fifth Circuit has held that "[i]f "a favorable determination [of a habeas corpus petition] would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit", not a petition for a writ of habeas corpus. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (internal quotation marks, citation, and brackets omitted). Bell argues that his reduction in class will affect his parole and/or release to mandatory supervision.

Parole is, by definition, a discretionary decision of the parole board. *See*, *e.g.*, *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). Because any future parole rests in the unfettered discretion of the parole board, a favorable determination of this action would not automatically entitle Bell to accelerated release on parole.

Mandatory supervision is not a discretionary act, but is based on the simple arithmetic of good time credit accrued plus calendar days served, calculated pursuant to a statutory formula. *See Malchi v. Taylor*, 211 F.3d 953, 957-58 (5th Cir. 2000). *Malchi* considered this claim in a petition for a writ of habeas corpus. It thus appears that the claim is cognizable on habeas corpus review.

In *Malchi*, the Fifth Circuit held that loss of privileges did not implicate due process. *Malchi* also held that the effect of an adverse change in a prisoner's good time credit earning status on the timing of his release to mandatory supervision is too speculative to implicate any constitutional right that can be vindicated by a writ of habeas corpus. 211 F.3d at 959. Accordingly, Bell is not entitled to habeas corpus relief.

III.     Conclusion

For the foregoing reasons, Bell fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

IV.     Certificate of Appealability

Bell has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Bell's petition. The Court finds that Bell's claims are foreclosed by clear, binding precedent. This Court concludes that under such precedents, Bell has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Bell is not entitled to a certificate of appealability on his claims.

V.   Order

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent's motion for summary judgment (Doc. # 10) is GRANTED;

B.   Petitioner Darryl Bell's cross-motion for summary judgment (Doc. # 16) is DENIED;

C.   Bell's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

D.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 5th day of March, 2014.

_____

Kenneth M. Hoyt
United States District Judge